# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| BRITTANY FERGUSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>E.L.F. COSMETICS, INC.,<br><br>　　　　　　　　Defendant. | Case No. 4:22-cv-04011 |

## NOTICE OF REMOVAL OF E.L.F. COSMETICS, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant e.l.f. Cosmetics, Inc. ("e.l.f."), by and through its counsel, hereby gives notice of removal of this action from the Circuit Court of Knox County, Illinois to the United States District Court for the Central District of Illinois:

### I.  FACTUAL BACKGROUND

1.  On or about December 14, 2021, Brittany Ferguson ("Plaintiff") filed a Complaint in the Circuit Court of Knox County, Illinois, captioned *Ferguson v. E.L.F. Cosmetics, Inc.*, Case No. 2021-LL-00044 (Ill. Cir. Ct. (Knox County)).  A copy of the Complaint is attached hereto as Exhibit 1.  Plaintiff served e.l.f. with the Complaint on December 22, 2021.  *See* Ex. 2.

2.  Plaintiff alleges that she is a "citizen of Illinois."  Compl. (Ex. 1) ¶ 34.

3.  Plaintiff alleges that e.l.f. "is a Delaware corporation with its principal place of business at 570 10th Street, Oakland, California, Alameda County."  Compl. (Ex. 1) ¶ 37.

4.  The Complaint alleges that e.l.f. violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), when it purportedly collected, stored, or used biometric

identifiers or information via a "virtual try-on technology" allegedly without "inform[ing] Plaintiff, in writing or otherwise, that it was collecting scans of her facial geometry or her biometric data" and allegedly without "obtain[ing] Plaintiff's informed written consent to collect scans of her facial geometry or her biometric data." Compl. (Ex. 1) ¶¶ 21, 23, 27, 52-53.

5.  The Complaint further alleges that e.l.f. violated BIPA when it allegedly "did not provide Plaintiff with a retention schedule or guidelines for permanently destroying her biometric identifiers and biometric information" and "did not permanently destroy Plaintiff's and the [proposed] Class members' biometric identifiers and biometric information as required." Compl. (Ex. 1) ¶¶ 26, 59.

## II. GROUNDS FOR REMOVAL

6.  This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because e.l.f. and at least one member of the proposed class are citizens of different states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A. The Proposed Class Readily Exceeds 100 Members

7.  For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed class as "Illinois residents who used Defendant's virtual try-on technology in Illinois between November 1, 2016 and the present." *See* Compl. (Ex. 1) ¶ 38.

8.  The proposed class for purposes of removal includes more than 100 members, given that information available to e.l.f. indicates that more than 100 individuals in Illinois have used the

2

alleged "virtual try-on technology" between November 1, 2016 and the filing of the Complaint. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. There Is Clearly Minimal Diversity Among The Parties

9. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

10. According to the Complaint, Plaintiff is a "citizen of Illinois." *See* Compl. (Ex. 1) ¶ 34. Accordingly, Plaintiff is a citizen of the State of Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). In addition, Plaintiff seeks to represent a class of Illinois residents. *See* Compl. (Ex. 1) ¶ 38.

11. e.l.f. is a Delaware corporation with its principal place of business in California. *See* Compl. (Ex. 1) ¶ 37. Accordingly, e.l.f. is a citizen of the State of Delaware and the State of California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

12. Diversity of citizenship thus exists between Plaintiff and e.l.f., or, alternatively, between at least one other member of the proposed class and e.l.f., making removal proper. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

13. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

14. Plaintiff alleges that the class is entitled to liquidated damages of $1,000 per negligent violation of BIPA or $5,000 per willful or reckless violation. *See* Compl. (Ex. 1) at Prayer for Relief § A (alleging BIPA provides recovery for *each* violation of the statute).

15. Plaintiff further alleges that e.l.f. "violated the [BIPA] by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would collect, store, and use Plaintiff's and the Class's scans of facial geometry" and without first obtaining their "informed written consent." *See* Compl. (Ex. 1) ¶¶ 52-53.

16. Plaintiff further alleges that e.l.f. violated BIPA by allegedly failing to "maintain the statutorily-mandated retention and destruction guidelines at the time it collected Plaintiff's and the Class member's biometric identifiers and biometric information" and to "permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information as required." *Id.* ¶¶ 58-59.

17. Upon information and belief, individuals in Illinois have used the alleged "virtual try-on technology" at least 6,000 times. Taking Plaintiff's factual and legal allegations as correct for purposes of removal only, and thus assuming statutory damages of at least $1,000 for "each" use, the amount in damages readily exceeds $5,000,000.

18. Plaintiff seeks injunctive relief as well, which is properly included in the amount-in-controversy calculation. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 272, 275-75 (7th Cir. 2011) (including injunctive relief in amount-in-controversy determination). Plaintiff seeks an order enjoining e.l.f. from "committing further violations of the [BIPA]." *See* Compl. (Ex. 1) at ¶ Prayer For Relief § B. This request for injunctive relief, if ordered by the Court, would impose costs on

e.l.f. that would only add to the amount in controversy, which already readily exceeds the jurisdictional threshold.

19.     e.l.f. denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(2).

### III.     COMPLIANCE WITH REMOVAL STATUTE

20.     The Notice of Removal was properly filed in the United States District Court for the Central District of Illinois, because the Circuit Court of Knox County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

21.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

22.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 1 and 2 are true and correct copies of the Complaint and all process, pleadings, and orders served on e.l.f. *See* Compl. (Ex. 1); Summons (Ex. 2). e.l.f. has not filed an answer or other response to the Complaint in the Knox County Circuit Court prior to removal and is aware of one currently pending motion filed under Illinois procedural rules in that court. *See* Plaintiff's Mot. for Class Certification, Case No. CC 2021-LL-0004 (Dec. 15, 2021), Ex. 2 at 7.

23.     The Complaint was served on e.l.f. on December 22, 2021. *See* Summons (Ex. 2). This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(1).

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Circuit Court of Knox County, Illinois today.

25. e.l.f. reserves the right to amend or supplement this Notice of Removal. e.l.f. further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure and including all rights to move to compel arbitration or to enforce a class waiver provision.

## IV. CONCLUSION

e.l.f. respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent additional proceedings in this matter in the Circuit Court of Knox County, Illinois. e.l.f. further requests such other relief as the Court deems appropriate.

Dated: January 19, 2022

Respectfully submitted,

/s/ *Robert C. Collins III*
Robert C. Collins III, one of the Attorneys for Defendant e.l.f. Cosmetics, Inc.

Robert C. Collins III (Illinois Bar No. 6304674)
  robert.collins@lw.com
Renatta A. Gorski (Illinois Bar No. 6332737)
  renatta.gorski@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Michael H. Rubin (*admission forthcoming*)
  michael.rubin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

**CERTIFICATE OF SERVICE**

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below, by email and prepaid, First Class United States mail, on January 19, 2022.

>Peter S. Lubin
>Lubin Austermuehle, P.C.
>17W220 22nd Street, Suite 410
>Oakbrook Terrace, Illinois 60181
>Telephone: (630) 333-0333
>peter@l-a.law
>
>Spencer Sheehan
>Sheehan & Associates, P.C.
>60 Cuttermill Road, Suite 409
>Great Neck, New York 11021-3104
>Telephone: (516) 268-7080
>Facsimile: (516) 234-7800
>spencer@spencersheehan.com
>
>Terrence Buehler
>The Law Office of Terrence Buehler
>19 South LaSalle, Suite 702
>Chicago, Illinois 60603
>Telephone: (312) 371-4385
>tbuehler@tbuehlerlaw.com

Dated: January 19, 2022

>/s/ *Robert C. Collins III*
>Robert C. Collins III, one of the Attorneys for Defendant e.l.f. Cosmetics, Inc.
>
>Robert C. Collins III (Illinois Bar No. 6304674)
>LATHAM & WATKINS LLP
>330 North Wabash Avenue, Suite 2800
>Chicago, Illinois 60611
>Telephone: (312) 876-7700
>Facsimile: (312) 993-9767
>Email:   robert.collins@lw.com