E-FILED
Wednesday, 19 January, 2022  05:48:34 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

FILED
Knox Co. Circuit Court
9th Judicial Court
Date: 12/15/2021 11:00 AM
Kelly A. Cheesman
CC 2021-LL-00044

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL DISTRICT
KNOX COUNTY, ILLINOIS

| | |
|---|---|
| Brittany Ferguson, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>E.L.F. Cosmetics, Inc.,<br><br>                  Defendant. | Case No.:  CC 2021-LL-00044<br><br>Class Action Complaint |

## CLASS ACTION COMPLAINT

Brittany Ferguson ("Plaintiff") files this Class Action Complaint ("Complaint") against E.L.F. Cosmetics, Inc. ("Defendant" or "ELF"), for violations of the Illinois Biometric Information Privacy Act and alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. Defendant is primarily in the business of manufacturing, marketing and selling of cosmetics, perfumes and other makeup preparations.

2. Defendant's products are available on its own online store, elfcosmetics.com, and brick and mortar stores such as CVS, Target, and Walgreens.

3. On its website and through its mobile application, Defendant utilizes augmented reality technology for customers to virtually "try on" various cosmetics, including lipsticks, eye, facial, and skin care products ("Virtual Try-On").

4. The virtual try-on technology scans a customer's facial geometry from an uploaded photo or through a live camera image and applies the makeup products to the customer's face.

5. Once the "virtual try-on" button is pressed, the app or the screen prompts the

consumer for permission to "access the camera."

 

6. After permission to access the camera is given, the app or browser enables and uses a live camera image or prompts the user to upload a picture.

2

 

7.      The virtual-try on technology scans the facial geometry data points in a customer's image to locate their eyes, lips, eyebrows, and other facial features.

8.      Once the customer provides an image of their face through an uploaded photo or the live camera, the application scans their face and applies a virtual lipstick or other cosmetic product to their face.

9.      The customer can then view themselves with the cosmetics applied, without having to buy or physically sample the product, and "save" or upload the image.

10.     The virtual try-on technology will not "apply" the product to the customer's image unless there is an image of their face in the uploaded photo or live camera.

11.     To try on lipstick, for example, the Virtual Try-On technology will modify the application depending upon whether the customer has an open or close-lipped smile or expression

3

in the photo or live camera image.[1]

12. To try on eye shadow, the Virtual Try-On technology will modify the customer's eyelids, take measurements of their eyes, and extenuate their eye color in the uploaded photo or live camera image.

13. On or around November 15, 2021, Plaintiff visited Defendant's website, elfcosmetics.com, via her mobile device.

14. While on the website, Plaintiff used the virtual try-on features.

15. Plaintiff sampled cosmetic products including eye shadows and foundations, using Defendant's virtual try-on technology through live images of her face.

16. Defendant scanned Plaintiff's facial geometry and used her facial geometry and landmarks in the live camera images to apply the product to her face.

17. Defendant's virtual try-on technology uses an algorithm that scans the face in each photo and/or video to detect facial features or landmarks and calculates a unique digital map of the face (i.e., a face template) based on geometric attributes such as the distance between various facial features.

18. Each facial geometry scan and template constitutes a "biometric identifier." See 740 ILCS 14/10.

19. The augmented reality generated images are not temporary or fleeting, and the images can be "saved" by the customer as a separate photo or image from the live camera image with the makeup overlay.

20. Defendant conducts a facial geometry scan of uploaded photos and live camera images and collects, captures or otherwise obtains data points from the facial geometry scans, and

---

[1] https://www.youtube.com/watch?app=desktop&v=9ZAPAHQhEX0 – See demonstration of elf's virtual try-on technology.

4

then uses the data points in the virtual try-on technology to apply the makeup to a customer's face in the image.

21. Upon information and belief, Defendant and its third-party affiliates and vendors collect data for the frequency that customers, such as Plaintiff, use the virtual try-on technology and saves the personal data from the facial scan for research and marketing purposes.

22. Defendant never informed Plaintiff, in writing or otherwise, that it was collecting scans of her facial geometry or her biometric data.

23. When Plaintiff enabled the camera to use the virtual try-on technology or clicked on the "live makeup" button on the screen, she was never asked to give her consent to any terms or conditions or provide any waiver to use the technology, and she was not informed how her biometric data would be collected, stored, or shared.

24. Defendant never obtained Plaintiff's informed written consent to collect scans of her facial geometry or her biometric data.

25. Defendant did not provide Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, use, or disclosure of her unique biometric identifiers and biometric information.

26. Defendant did not provide Plaintiff with a retention schedule or guidelines for permanently destroying her biometric identifiers and biometric information.

27. By collecting, storing, and using Plaintiff's unique biometric identifiers and biometric information without her prior informed written consent, Defendant invaded Plaintiff's statutorily protected right to privacy in and control over her Biometrics.

<u>The Biometric Information Privacy Act ("BIPA")</u>

28. In 2008, Illinois enacted the Biometric Information Privacy Act and restricted private entities, like Defendant, from collecting a person's biometric identifiers, including scans

of facial geometry, without adhering to strict written disclosure and informed-consent procedures established by the Biometric Information Privacy Act.

29. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

30. Among other things, the BIPA prohibits a "private entity" from capturing, collecting or otherwise obtaining biometric identifiers from an individual unless that private entity first obtains the individual's informed written consent. 740 ILCS 14/15(b)(3).

31. The Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

32. Defendant captured, collected, or otherwise obtained biometric facial geometry scan identifiers from Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

### Jurisdiction and Venue

33. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and committed the tortious acts alleged in this Complaint in Illinois.

34. Plaintiff Brittany Ferguson is a citizen of Illinois.

35. Venue is proper in Knox County because Defendant operates its website throughout the United States including Knox County.

## Parties

36. Plaintiff Brittany Ferguson is a citizen of Knox County, Illinois.

37. Defendant is a Delaware corporation with its principal place of business at 570 10th Street, Oakland, California, Alameda County.

## Class Action Allegations

38. Plaintiff seeks to represent a class of Illinois residents who used Defendant's virtual try-on technology in Illinois between November 1, 2016 and the present ("the Class").

39. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: Defendant capturing, collecting or otherwise obtaining scans of their facial geometry without adhering to the requirements of the Biometric Information Privacy Act.

40. The Class includes more than 50 members.

41. As a result, the Class is so numerous that joining all class members in one lawsuit is not practical.

42. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant captured, collected, or otherwise obtained scans of facial geometry from the Class; whether the facial scan data Defendant captured qualifies as "biometric identifiers" under the Biometric Information Privacy Act; and whether Defendant made written disclosures and obtained informed written consent before capturing, collecting, or otherwise obtaining scans of facial geometry from the Class.

43. These common questions of law and fact predominate over variations that may exist

between members of the Class, if any.

44. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

45. This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.

46. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

47. The books and records of Defendant are material to Plaintiff's case as they disclose how Defendant captured, collected, or otherwise obtained scans of facial geometry from Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about its capture, collection, retention and use of their biometric identifiers.

48. Plaintiff and her counsel will fairly and adequately protect the interests of the Class. Plaintiff retained counsel experienced in complex class action litigation.

COUNT I
Violation of the Biometric Information Privacy Act

49. Plaintiff re-alleges and incorporates the previous allegations of this Complaint.

50. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

51. Plaintiff's and the class's scans of facial geometry qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

52. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would

collect, store, and use Plaintiff's and the Class's scans of facial geometry.

53. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first obtaining their informed written consent to the capture, collection, or use of Plaintiff's and the Class's scans of facial geometry.

54. Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

## COUNT II
### Violation of 740 ILCS 14/15(a)

55. Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

56. BIPA requires private entities in possession of Biometrics to establish and maintain a biometric data retention—and, importantly, deletion—policy. Specifically, those entities must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent destruction of biometric data (at most three years after the entity's last interaction with the individual); and (ii) adhere to that retention schedule and actually delete the biometric identifiers and biometric information. See 740 ILCS 14/15(a).

57. Defendant failed to comply with either of these BIPA mandates.

58. In violation of BIPA, Defendant did not maintain the statutorily-mandated retention schedule and destruction guidelines at the time it collected Plaintiff's and the Class member's biometric identifiers and biometric information. See 740 ILCS 14/15(a).

59. In violation of BIPA, Defendant did not permanently destroy Plaintiff's and the

9

Class members' biometric identifiers and biometric information as required. See 740 ILCS 14/15(a).

60. By failing to destroy Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant unlawfully retained their Biometrics.

## Prayer for Relief

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Dated December 14, 2021               Respectfully submitted:

                                                    /s/ Peter S. Lubin

Peter S. Lubin (ARDC #6185789)
Lubin Austermuehle, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0333
peter@l-a.law

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd, Ste. 409
Great Neck, NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

Terrence Buehler  (ARDC #6181738)
THE LAW OFFICE OF TERRENCE BUEHLER
19 South LaSalle, Suite 702
Chicago, Illinois 60603
(312) 371-4385
tbuehler@tbuehlerlaw.com

*Counsel for Plaintiff*